# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CALVIN LEE BROWN,**

    **Petitioner,**

  v.            Case No. 19-CV-1090

**PAUL KEMPER,**

    **Respondent.**

## DECISION AND ORDER DISMISSING PETITION

  Calvin Lee Brown, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. The court screened Brown's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered him to show cause why his petition should not be dismissed. The court noted that he was arguing that (1) the state court erred in denying his request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978); (2) the court of appeals erred by failing to consider the distinction between "citizen informers as opposed to traditional police informers"; (3) he made a substantial preliminary showing to warrant a *Franks* hearing; and (4) the search warrant affidavit was insufficient. In a "Subsequent Supplemental Brief for Habeas

Corpus Petition," Brown has attempted to show cause why his petition should not be dismissed. (ECF No. 10.)

Brown's claims all amount to a challenge that the search warrant violated the Fourth Amendment. Evidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule. "The exclusionary rule protects 'the right to be free from arbitrary intrusion by the police' by excluding '[e]vidence obtained by police officers in violation of the Fourth Amendment … in the hope that the frequency of future violations will decrease." *Haakenstad v. Symdon*, No. 16-cv-702-jdp, 2017 U.S. Dist. LEXIS 212933, at *11 (W.D. Wis. Dec. 29, 2017) (quoting *Stone v. Powell*, 428 U.S. 465, 483 (1976)). But the exclusionary rule generally is not a basis for granting habeas relief because the costs of applying it outweigh the benefits. *Haakenstad*, 2017 U.S. Dist. LEXIS 212933, at *11-12 (quoting *Stone*, 428 U.S. at 490, 493-94). "[T]he primary aim of the exclusionary rule is to deter the police from violating the Fourth Amendment rather than to remedy an injury to the individual." *Monroe v. Davis*, 712 F.3d 1106, 1113 (7th Cir. 2013). The prospect of evidence eventually being excluded on collateral review is too remote to deter police misconduct. *Id.* at 1113-14.

A habeas petitioner may obtain federal habeas review of a Fourth Amendment claim only if he can show "(1) that the state court denied him a full and fair hearing on his claim, and (2) that the claim was meritorious." *Monroe*, 712 F.3d at 1113. "A petitioner has had the benefit of such an opportunity so long as (1) he clearly apprised the state

2

court of his Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those facts." *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005) (citing *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992); *Cabrera v. Hinsley*, 324 F.3d 527, 531-32 (7th Cir. 2003); *Hampton v. Wyant*, 296 F.3d 560, 563-64 (7th Cir. 2002)). "The examples of situations that would fail to satisfy these requirements are extreme: the judge taking bribery, sleepwalking, saying something as egregious as 'probable cause is not required in Illinois.'" *Haakenstad*, 2017 U.S. Dist. LEXIS 212933, at *12 (quoting *Cabrera*, 324 F.3d at 531). "Only if the court's error 'betray[s] an unwillingness on the part of the [state] judiciary to treat [the petitioner's] claim honestly and fairly' will a federal habeas court reach the merits of the Fourth Amendment challenge." *Haakenstad*, 2017 U.S. Dist. LEXIS 212933, at *12 (quoting *Monroe*, 712 F.3d at 1114.)

In response to the court's order to show cause, Brown argues that the court of appeals did not really consider his arguments. He notes that it initially mistakenly relied on a pro se brief. When the error was pointed out, the court of appeals reissued basically the same decision, although omitting any reference to the pro se brief. (ECF No. 10 at 6.)

It is not enough for a petitioner to show that a state court's decision was wrong. "Even an 'egregious error' … is not enough to support a writ of habeas corpus (that's what it means to say that the exclusionary rule does not apply on collateral attack); a blunder, no matter how obvious, matters only in conjunction with other circumstances

3

that imply refusal by the state judiciary to take seriously its obligation to adjudicate claims under the fourth amendment." *Hampton*, 296 F.3d at 564.

The court cannot say that the court of appeals' review "was in some way a sham." *See Cabrera*, 324 F.3d at 531. The court noted that Brown's arguments included the allegation that the affiant omitted the fact that the informant had an active bench warrant for her violation of a deferred prosecution agreement in a drug case. (ECF No. 1-1 at 16-17, ¶¶7, 9.) The court of appeals' recitation of Brown's claim demonstrates that it was clearly apprised of the legal and factual basis for the claim. The state court carefully and thoroughly analyzed those facts and applied the proper connotational law to those facts. (*See, e.g.*, ECF No. 1-1 at 19-20, ¶14.) This was all that was required. *Miranda*, 394 F.3d at 997.

Brown was able to present the merits of his *Franks* claim. The state courts found that he failed to make the required "'substantial preliminary showing' that the omitted information … was critical to a probable cause determination." (ECF No. 1-1 at 19, ¶14 (citing *Franks*, 438 U.S. at 155-56).) Simply because Brown was denied a *Franks* hearing does not mean he was denied a "full and fair hearing on his claim." *Montenegro v. Bryant*, 245 F. Supp. 2d 926, 933-34 (C.D. Ill. 2003). This court is barred under *Stone* from considering whether the state courts properly applied the exclusionary rule, and his petition must be dismissed.

Finally, the court concludes that Brown has failed to make a substantial showing of a denial of constitutional right. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. Therefore, the court will deny him a certificate of appealability.

**IT IS THEREFORE ORDERED** that Brown's petition and this action are dismissed. The court denies Brown a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 9th day of October, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge